IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                                    CRIMINAL NO. 5:05-cr-6(DCB)(JCS)

RONALD WAYNE SHUGART and
ANNETTE M. PIERCE

ORDER

This cause is before the Court on the following motions: defendant Annette M. Pierce's motion to suppress statements **(docket entry 50)**; defendant Ronald Wayne Shugart's motion to sever defendant or, in the alternative for separate juries **(docket entry 54)**; defendant Shugart's motion to change venue **(docket entry 56)**; defendant Shugart's motion to impanel separate juries **(docket entry 58)**; and the United States' motion to continue **(docket entry 59)**. Having carefully considered the motions and responses, the Court finds as follows:

The government has responded that it has no intention of introducing statements by either defendant, so that defendant Pierce's motion to suppress statements is moot. Defendant Shugart's motion to sever defendant or, in the alternative for separate juries was denied by the Court at the motion hearing of August 18, 2005. Defendant Shugart's motion to impanel separate juries is likewise without merit and shall be denied.

Defendant Shugart's motion to change venue alleges that there

has been extensive publicity related to this case in Warren and Hinds counties, that the media has been "particularly prejudicial," and that the news stories assume that the victim's stories are true and that the defendants are guilty.  The sixth amendment requires that a criminal trial be held in the district in which the alleged crime occurred.  In re Chesson, 897 F.2d 156, 158 (5th Cir. 1990). The defendant therefore has a constitutional right to trial in the Southern District of Mississippi; however, he has "no constitutional right to a trial in a particular division within that district."  Id. (citations omitted).  An intra-district transfer is not required absent a strong showing of prejudice. United States v. Dickie, 775 F.2d 607, 609 (5th Cir. 1985). Although there was substantial media coverage of the kidnaping alleged in this case, the defendant has failed to show that any publicity was inflammatory and that it resulted in pervasive community prejudice.  See Sheppard v. Maxwell, 384 U.S. 333 (1966).

The Court shall deny the defendant's motion; however, the Court will monitor the jury pool, including questioning prospective jurors about their pretrial knowledge of the case.  In addition, the Court shall hold a telephone conference with counsel regarding alternative venues.  The Gulfport courthouse in unavailable because of Hurricane Katrina, and the Hattiesburg courthouse is overcrowded for the same reason.  This leaves only Vicksburg, Jackson and Natchez as possible locations for trial.

The government's motion to continue was granted by the Court at the motion hearing of August 18, 2005.  Accordingly,

IT IS HEREBY ORDERED that defendant Annette M. Pierce's motion to suppress statements **(docket entry 50)** is MOOT;

FURTHER ORDERED that defendant Ronald Wayne Shugart's motion to sever defendant or, in the alternative for separate juries **(docket entry 54)** is DENIED;

FURTHER ORDERED that defendant Shugart's motion to change venue **(docket entry 56)** is DENIED;

FURTHER ORDERED that defendant Shugart's motion to impanel separate juries **(docket entry 58)** is DENIED;

FURTHER ORDERED that the United States' motion to continue **(docket entry 59)** is GRANTED.

SO ORDERED, this the 22nd day of November, 2005.

                                            s/ David Bramlette
                                     UNITED STATES DISTRICT JUDGE