IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                           WESTERN DIVISION


UNITED STATES OF AMERICA

VS.                                    CRIMINAL NO. 5:05-cr-6(DCB)(JCS)
                                       CIVIL ACTION NO. 5:08-cv-159(DCB)

RONALD WAYNE SHUGART                                         DEFENDANT


                       MEMORANDUM OPINION AND ORDER

   This cause is before the Court on the defendant Ronald Wayne Shugart's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 (**docket entry 125** in criminal no. 5:05-cr-6).  Having carefully considered the motion and the United States' response, as well as the applicable law, and being fully advised in the premises, the Court finds as follows:

   Defendant Ronald Wayne Shugart ("Shugart") was arrested on an indictment charging him along with his co-defendant Annette Thiem[1] with one count of kidnaping two minors in violation of 18 U.S.C. § 1201(a) and 2, and one count of taking of a motor vehicle with intent to cause death or serious bodily harm in violation of 18 U.S.C. § 2119(1).  The trial of Annette Thiem was held from January 17 through 19, 2006.  Thiem was found guilty of Counts One and Two.  Shugart's trial was held from January 19 through 21, 2006.  He was found guilty of Count Two, and the jury was unable to reach a unanimous decision as to Count One.  A second trial was held on

---

[1] Thiem is referred to, in various pleadings, as "Annette M. Pierce," "Norma Lisa Thiem," and "Myrtis Annette Thiem."

February 8 and 9, 2006, and Shugart was found guilty of Count One. Shugart was represented at both trials by Kathryn Nester, Assistant Federal Public Defender.

Shugart appealed his conviction to the Fifth Circuit Court of Appeals on the following grounds: (1) that the district court erred by admitting evidence at his retrial of the carjacking, and of a robbery of the victims' wallets and cell phone by his co-defendant, Thiem; (2) that Shugart was prejudiced by two references the prosecution made to his Aryan Nation membership; (3) that the district court erred in admitting statements the victims made to emergency personnel immediately after a wreck involving the stolen vehicle[2]; (4) that the interstate elements of the two statutes in the indictment were not satisfied; and (5) that the carjacking statute was unconstitutionally vague.  The Fifth Circuit affirmed the conviction.  United States v. Shugart, C.A. No. 06-60549 (5th Cir. April 10, 2007).  Shugart's petition for writ of certiorari was denied.  Shugart v. United States, C.A. No. 07-5179 (552 U.S. 902 Oct. 1, 2007).

Habeas relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could

---

[2] When the stolen vehicle was involved in a minor car accident in South Carolina, emergency personnel responded.  The two teenagers alerted the emergency personnel of their abduction by Shugart and Thiem who were then arrested.

not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981). "Non-constitutional claims which could have been raised on direct appeal, but were not[,] may not be asserted in a collateral proceeding." Id. See also, United States v. Shaid, 937 F.2d 228, 232 n. 7 (5th Cir. 1991) (quoting United States v. Frady, 456 U.S. 152, 165-66 (1982)).

One of Shugart's grounds for § 2255 relief is that "[t]he trial court improperly allowed evidence of crimes committed by co-Defendant into Petitioner's trial." Motion to Vacate, p. 8. In support thereof, the petitioner states:

> During the course of the trial, specific evidence and testimony was presented before the jury of a crime or crimes, committed by the cooperating co-Defendant of which the Petitioner did not commit, nor was the Petitioner charged with these offenses.

Motion to Vacate, p. 8. Although he is not specific, the crime Shugart refers to must be the robbery by Thiem of the victims' wallets and cell phone, since Shugart was not alleged to have committed the robbery and was not charged with the offense. This claim was raised in the petitioner's direct appeal.

Since Shugart presented this claim on appeal, and it was rejected, this Court will not entertain the claim under § 2255, unless (1) there has been an intervening change of law, (2) Shugart presents newly discovered evidence, or (3) Shugart demonstrates that his counsel rendered ineffective assistance on appeal. Reed

v. Farley, 512 U.S. 339, 348 (1994)(Scalia, J., concurring) ("[C]laims will ordinarily not be entertained under § 2255 that have already been rejected on direct review."); Underwood v. United States, 15 F.3d 16, 18 (2nd Cir. 1993)("[S]ection 2255 may not be employed to relitigate questions which were raised and considered on direct appeal.... This rule may not apply, however, where an intervening change in the law has taken place or where the issues were not raised at all on direct appeal due to ineffective assistance of counsel."); United States v. Palumbo, 608 F.2d 529, 533 (3rd Cir. 1979), cert. denied, 446 U.S. 922 (1980)("[I]n the absence of newly discovered evidence that could not reasonably have been presented at the original trial, a change in applicable law, incompetent prior representation by counsel, or other circumstances indicating that an accused did not receive full and fair consideration of his federal constitutional and statutory claims, a § 2255 petitioner may not relitigate issues that were adjudicated at his original trial and on direct appeal.").

Shugart has neither alleged nor demonstrated an intervening change of law, newly discovered evidence, or ineffectiveness of his appellate counsel; therefore, the Court will not "re-decide" this issue.

The remainder of Shugart's claims for relief are based on ineffectiveness of his trial counsel, Kathryn Nester. In support of his motion, the petitioner alleges the following:

>Petitioner's counsel was unprepared for the trial in this matter.
>
>Counsel was ineffective by failing to spend a sufficient amount of time with Petitioner to prepare his defense.
>
>Counsel was ineffective for failing to properly challenge the admission of evidence of the guilt of a co-defendant on a non-related charge.
>
>Counsel failed to make obvious and meritorious objections at trial.
>
>Counsel was ineffective for failing to challenge the indictment as multiplicitous.
>
>Trial counsel failed to investigate the actions of the alleged "victims" – who had previously admitted that they were at liberty to leave, especially during the time they were separated from the Petitioner and co-Defendant.
>
>. . .
>
>Counsel failed to locate and/or interview at least three witnesses who could have provided testimony undermining the two alleged victims' testimony.
>
>Counsel's lack of adequate consultation with Petitioner and lack of investigation caused counsel to forgo potentially viable defense in favor of [an] approach that was less likely to prevail.
>
>Counsel failed to interview and call witnesses who would have supported Petitioner's theory that no kidnaping []or carjacking ever occurred.

Motion to Vacate, pp. 5-6.

To succeed on any claim of ineffective assistance of counsel, a petitioner must show that: (1) the attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that except for the attorney's unprofessional errors, the results of the proceeding would have

5

been different.  United States v. Kinsey, 917 F.2d 181, 183 (5th Cir. 1990)(citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)).  Accord Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).  A highly deferential standard is applied to counsel's performance, "mak[ing] every effort to eliminate the distorting effects of hindsight" and "evaluat[ing] the conduct from counsel's perspective at the time" of trial.  Jones v. Jones, 163 F.3d 285, 301 (5th Cir. 1998)(quoting Pitts v. Anderson, 122 F.3d 275, 279 (5th Cir. 1997)).

In order to establish prejudice, a convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.  Accord Smith v. Puckett, 907 F.2d 581, 584-85 (5th Cir. 1990).  A failure to establish either of the Strickland prongs makes it unnecessary to examine the other.  Strickland, 466 U.S. at 697.

In Jones, supra, the court observed "the evidence against [the defendant] was strong, which necessarily limited the available defenses."  Id. at 300.  The court continued: "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."  Id. at 301, quoting Green v. Johnson, 116 F.3d 1115,

6

1122 (5th Cir. 1997)(internal quotation marks and citation omitted). The court concluded, "even if we assume that counsel's performance was deficient in all of the respects urged by Jones ... we still cannot agree that there is a reasonable probability that the outcome of Jones' trial would have been different had counsel's performance not been deficient in those many respects." Id. at 304. Accord Wilkerson v. Collins, 950 F.2d 1054, 1065 (5th Cir. 1993)(the court is required to presume trial counsel rendered adequate assistance and that challenged conduct was the product of reasoned trial strategy); Daniel v. Maggio, 669 F.2d 1075, 1079 (5th Cir. 1982).

Shugart complains that his trial counsel spent insufficient time with him, was unprepared for trial, failed to sufficiently challenge the admission of evidence relating to an allegedly unrelated crime committed by his co-defendant, failed to investigate actions of the victims, failed to call unidentified witnesses, failed to challenge the indictment as multiplicitous, and pursued the wrong defense strategy at trial.

The affidavit submitted by Shugart's trial counsel, Kathryn Nester, rebuts his claims. Nester avers that she "drafted numerous pretrial motions," including a motion in limine to keep out 404(b) evidence relating to Shugart's co-defendant. Nester also had the services of an investigator, a paralegal, and co-counsel at the defendant's two trials. She explains that she met with and talked

with the defendant numerous times in preparation for the trials. She also points out that she had the benefit of observing Shugart's co-defendant's trial on the same charges.

Shugart claims that his counsel failed to interview and call witnesses, but he fails to identify the witnesses or what they were willing to testify to that would have established a defense to the charges. Claims of failure to adequately investigate require more than generalities. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). The evidence must have been made known to defense counsel by defendant, and must have been specific, admissible, and significant in order for counsel's failure to investigate to be constitutionally deficient. Carter v. Johnson, 131 F.3d 452, 465 (5th Cir. 1997).

> Recognizing that in "failure to investigate" cases the temptation to rely on hindsight is strong, the Supreme Court stated that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."

United States v. Drones, 218 F.3d 496, 500 (5th Cir. 2000), quoting Strickland, 466 U.S. at 690.

The additional information must also have been significant enough to alter the outcome of the trial. "In order to satisfy the prejudice prong of Strickland, [a defendant] must show 'more than

the mere possibility of a different outcome.' [He] must present 'evidence of sufficient quality and force to raise a reasonable probability that,' had it been presented to the jury, the outcome would have been different." Drones, 218 F.3d at 504 (citations omitted). See also Strickland, 466 U.S. at 694 (in order to show prejudice, defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Defense counsel pursued the most viable defense: that the victims accompanied the defendant voluntarily. If successful, this could have provided a complete defense to the carjacking and kidnaping charges. Defense counsel did the best she could considering facts overwhelmingly against the defendant. The defendant has failed to explain what defense his counsel should have pursued, much less that it was constitutionally deficient to pursue the defense chosen.

The defendant's claim that defense counsel should have objected to the indictment as multiplicitous is without merit. "'Multiplicity' is the charging of a single offense in more than one count." United States v. Swaim, 757 F.2d 1530, 1536 (5th Cir. 1985)(citation omitted). "An offense is separate and distinct when conviction under one count requires proof of an additional fact that the other count does not require." United States v. Guzman, 781 F.2d 428, 432 (5th Cir. 1986)(citations omitted). In

9

Blockburger v. United States, 284 U.S. 299 (1932), the Supreme Court held that if "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Id. at 304.

As the Fifth Circuit noted in affirming Shugart's convictions, although the crimes of carjacking and kidnaping were "part of a single criminal episode" in Shugart's case, they each "have distinctive elements." United States v. Shugart, 227 Fed. Appx. 334, 335-36, 2007 WL 1111454 **1 (5th Cir. April 10, 2007). As Shugart's trial counsel notes, there was no legal basis for objecting to the indictment on multiplicity grounds. "Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." Smith v. Puckett, 907 F.2d 581, 585 n. 6 (5th Cir. 1990). Accord Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994)("failure to raise meritless objections is not ineffective lawyering; it is the very opposite").

As previously discussed, the Fifth Circuit found that evidence of Shugart's co-defendant's robbery of the victims was properly admitted at Shugart's retrial; therefore, failure on the part of counsel to "sufficiently challenge" the admissibility of the evidence (assuming such a failure on trial counsel's part) cannot be inefficient.

None of the alleged deficiencies attributed by Shugart to his trial counsel could be characterized as deficiencies.  Even if they could, they did not prevent any appellate review, nor did trial counsel fail to subject the prosecution's case to meaningful adversarial testing; therefore, the standard set forth in <u>Strickland</u> requiring "an identifiable lapse in the performance of the attorney" is not met.  <u>Hamilton v. McCotter</u>, 772 F.2d 171, 181-82 (5th Cir. 1985).  The Court finds that the conduct of Shugart's counsel does not rise to the level of ineffective assistance of counsel in violation of Shugart's constitutional rights.  The record supports this finding.

Inasmuch as the defendant has failed to meet the criteria for relief under 28 U.S.C. § 2255, his motion is without merit and shall be denied.  Accordingly,

IT IS HEREBY ORDERED that the defendant Ronald Wayne Shugart's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 **(docket entry 125** in criminal no. 5:05-cr-6) is DENIED, and civil action no. 5:08-cv-159 shall be dismissed with prejudice.  A separate judgment in compliance with Fed.R.Civ.P. 52 shall issue;

FURTHER ORDERED that the petitioner is not entitled to a Certificate of Appealability, as set forth in the Final Judgment.

SO ORDERED, this the 28th day of March, 2011.

>                           /s/ David Bramlette
>                           UNITED STATES DISTRICT JUDGE